**Jeffrey A. SMITH, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 02–3112.

United States Court of Appeals, Federal Circuit.

Sept. 12, 2002.

Before MICHEL, RADER and PROST, Circuit Judges.

PER CURIAM.

Jeffrey A. Smith petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed

his removal from employment with the United States Postal Service ("Postal Service"). *Smith v. United States Postal Serv.,* CH–0752–01–0098–1–1 (Dec. 5, 2001). The Postal Service removed Mr. Smith from employment based on his violation of a last-chance settlement agreement ("LCSA"). We *affirm.*

## BACKGROUND

Mr. Smith began his employment with the Postal Service in 1997 as a Distribution Clerk at the Postal Service's Indianapolis, Indiana, Processing and Distribution Center. The Postal Service took disciplinary action against Mr. Smith on several occasions between 1997 and 1999 for unsatisfactory attendance, including a letter of warning, a seven-day suspension, and a ten-day suspension. On February 4, 2000, Mr. Smith's supervisor at the time issued a "Notice of Proposed Removal" charging him with the use of unscheduled leave on five separate days between June 26, 1999, and January 18, 2000.

In full and complete settlement of all outstanding grievances, including the February 4 removal notice, the Postal Service entered into a LCSA with Mr. Smith on March 3, 2000, and modified the proposed removal to a 14–day "Last Chance" suspension. The LCSA specifically stated that this was a final opportunity for Mr. Smith to "salvage his career" with the Postal Service and provided in relevant part as follows:

> Appellant agrees that he will furnish acceptable medical documentation on any sick leave taken during the 24–month term of this agreement to the Attendance Control Supervisor immediately upon his return to work. "Acceptable medical documentation" is defined for the purposes of this agreement as "stating a diagnosis, a prognosis, and that Appellant was incapacitated for work." The Appellant will also be required to provide acceptable evidence for the necessity of any unscheduled absence that he has or the leave requested will be disapproved and charged to AWOL.

Mr. Smith signed the agreement, which stated above his signature that he did so "without reservation, duress, or coercion on the part of anyone." Thereafter, however, Mr. Smith continued to assert that one of the unscheduled absences covered by the February 4 proposed removal (January 18) was protected under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. The Postal Service by letter dated June 6, 2000, agreed that that particular unscheduled absence would be charged to FMLA, and also reaffirmed that Mr. Smith was required to abide by the terms and conditions of the LCSA for the duration of the agreement.

On August 16, 2000, Mr. Smith called in to report that he would not report for duty on August 17, 2000, and requested four hours of leave without pay ("LWOP") and four hours of sick leave. Upon his return to duty, he failed to provide acceptable medical documentation as required under his LCSA. The Postal Service disapproved his request for leave and charged him with being absent without leave ("AWOL"). Mr. Smith subsequently claimed that his August 17 absence was for a FMLA condition. The Postal Service afforded him 15 days to provide acceptable medical documentation, but Mr. Smith failed to do so. Mr. Smith was again absent from duty on August 28 and August 29, 2000, and again failed to provide medical documentation in accordance with his LCSA. The Postal Service disapproved this leave and annotated the absence as AWOL.

On September 8, 2000, Mr. Smith's supervisor at the time issued a "Notice of Proposed Removal" and charged him with

violating his LCSA. Mr. Smith responded orally to the notice on October 5, 2000. The Postal Service removed him from employment effective October 28, 2000.

Mr. Smith appealed his removal to the Board. On February 26, 2001, following a hearing, the Administrative Judge to whom the case was assigned sustained the agency action in an initial determination. The Administrative Judge found that the agency established by preponderant evidence that Mr. Smith breached the LCSA and further rejected Mr. Smith's three arguments as to why the LCSA and his breach thereof were not a proper basis for his removal.

On December 5, 2000, the Administrative Judge's initial decision became the final decision of the Board when the full Board denied Mr. Smith's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). The Board's decision in this case is none of these. On appeal, Mr. Smith raises the same three arguments challenging his LCSA and, thus his removal, as asserted before the Administrative Judge. We address these arguments in turn.

Mr. Smith first argues that his LCSA was itself improper because it stemmed from the February 4 proposed removal. That proposed removal was improper, he argues, because it was based in part on his January 18 absence that was subsequently approved by the Postal Service as FMLA leave. The Administrative Judge concluded that the Postal Service would have had a good faith basis for taking its action even if Mr. Smith had not been absent on January 18 because the February 4 removal notice was based on five separate instances of leave-related misconduct, not solely on the January 18 absence. *See Kendricks v. Dep't of Veterans Affairs,* 79 M.S.P.R. 510, 517–18 (1998) (finding that to extent deciding official considered prior rescinded and overturned suspension in removal decision, it was error to do so, but employee did not show that the error was harmful; deciding official that recommended reinstating removal action testified that he would have recommended removal in absence of any prior discipline); *see also Merriweather v. Dep't of Transportation,* 64 M.S.P.R. 365, 370–71 (1994), *aff'd,* 56 F.3d 83 (Fed.Cir. 1995) (Table) (stating that to establish coerciveness of settlement agreement, appellant must show that reason for first proposed removal leading to agreement could not be substantiated or that agency did not have reasonable grounds for threatening to take adverse action).

Mr. Smith next argues that he was denied proper union representation at the time he executed his LCSA. Specifically, he alleged before the Administrative Judge that although a union representative was present when he signed his LCSA, that representative was not his representative "of choice." The Administrative Judge found that Mr. Smith had not identified any law, rule or regulation that requires an agency to provide an employee with the employee's union representative of choice before he or she signs a settlement agreement. *See Pac. Gas & Elec.*

Co., 253 N.L.R.B. 1143, 1143–44 (1981) (stating that where on-site steward is available, employer need not bring in requested steward from off-site location); *Coca–Cola Bottling Co. of Los Angeles*, 227 N.L.R.B. 1276 (1977); *see also American Postal Workers Union v. United States Postal Serv.*, No. H4C–3W–C (1989) (Snow, Arb.)[1] (concluding after considering terms of collective bargaining agreement and relevant case law that employee does not have right to select union representative of his or her choice in investigatory interview when officially designated union representative is available).

Lastly, Mr. Smith claims that he was "coerced, lied to, and under duress" when he signed the LCSA. He alleged before the Administrative Judge that the Postal Service gave him the impression that he would be removed from his position "right away" if he did not sign the LCSA. Mr. Smith further alleged that upon his union representative's return from vacation after he had signed the agreement, the representative informed him that the Postal Service would not be able to remove him "right away," but that the process would take a longer period of time to effect. The Administrative Judge concluded that merely because Mr. Smith was faced with an unpleasant choice does not of itself negate the presumed voluntariness of his decision to execute the LCSA. *See Gonzales v. Dep't of the Air Force*, 38 M.S.P.R. 162, 166 (1988).

Because we conclude that the Board's decision is not arbitrary, capricious, or an abuse of discretion, is in accordance with the law, and is supported by substantial evidence of record, we affirm.

---

1. By separate motion, the Postal Service, pursuant to Fed. R.App. P. 27(a), moves this court to take judicial notice of this national arbitration decision that bears upon one of the claims made by Mr. Smith in this case. Mr. Smith opposes the motion on the ground that he is arguing that he requested his representative "of record," not just a representative "of choice," as stated by the Postal Service and discussed in the arbitration agreement. In essence, Mr. Smith is arguing the inapplicability of the arbitration decision to this case. Mr. Smith also opposes the motion on the ground that the Postal Service should not be allowed to submit "new evidence." The arbitration agreement is not new evidence, but rather relevant authority. Accordingly, we grant the Postal Service's motion. *See* Fed.R.Evid. 201.